# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY LOPEZ, CDCR #H-30604, | Civil No.    11cv1079 BTM (PCL) |
| Plaintiff, | **ORDER:** |
| | **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, [ECF No. 2];** |
| vs. | **(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 3];** |
| | **(3) DISMISSING DEFENDANTS** |
| URIBE DOMINGO, JR.; N. GRANNIS; M. HODGES; DENNIS BROWN; ALICIA GARCIA; L. KASTNER; | **AND** |
| Defendants. | **(4)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) &  28 U.S.C. § 1915(d)** |

## I.      Procedural History

Initially, this action was filed by two Plaintiffs, Tyrone Rogers and Michael Anthony Lopez, who are state inmates currently incarcerated at Centinela State Prison.  On May 17, 2011, the Court severed the claims and the parties.  Plaintiff Rogers was permitted to proceed in *Rogers v. Giurbino, et al.*, S.D. Cal. Civil Case No. 11cv0666 BTM (PCL), while the Clerk of

1  Court was directed to open a new action for Plaintiff Lopez.  That new action is the action that

2  is currently before this Court.

3       Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.

4  § 1915(a) [ECF No. 2], along with a Motion for Appointment of Counsel [ECF No. 3].

5  **I.    MOTION TO PROCEED IFP [ECF NO. 2]**

6       All parties instituting any civil action, suit or proceeding in a district court of the United

7  States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

8  U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee

9  only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See*

10 *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, prisoners granted leave to

11 proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their

12 action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2).

13      The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.

14 § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to

15 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement shows that

16 he has no available funds from which to pay filing fees at this time.  *See* 28 U.S.C. § 1915(b)(4).

17 Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no

18 initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the

19 filing fee mandated shall be collected and forwarded to the Clerk of the Court pursuant to the

20 installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

21 **II.   INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

22      Notwithstanding IFP status or the payment of any partial filing fee, the Court must subject

23 each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order

24 the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon

25 which relief may be granted, or seeking monetary relief from a defendant immune from such

26 relief."  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en

27 banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte

28 dismiss an *in forma pauperis* complaint that fails to state a claim).

11cv1079 BTM (PCL)

1    "[W]hen determining whether a complaint states a claim, a court must accept as true all

2    allegations of material fact and must construe those facts in the light most favorable to the

3    plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty

4    to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839

5    F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v.*

6    *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

7        Due to the Court's severing of the claims, the only current claims that are properly before

8    this Court are those found in Counts 2 and 3 of the Complaint. Count 1 pertains to claims made

9    by Plaintiff Rogers and is not part of this action. Additionally, Defendants G.J. Giurbino,

10   Unnamed Defendant 2, M. Ayala, B. Narvis, D. Foston and Unnamed Defendant 1 are not

11   named in the claims raised by Plaintiff Lopez. Thus, those Defendants are **DISMISSED** from

12   this action.

13       The Court finds that Counts 2 and 3, Plaintiff's access to courts and substantive due

14   process claims, found in Plaintiff's Complaint survive the sua sponte screening required by 28

15   U.S.C. §§ 1915(e)(2) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27. Accordingly, the Court

16   finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d);

17   FED.R.CIV.P. 4(c)(3).

18   **III.    MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 3]**

19       Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil

20   action. The Constitution provides no right to appointment of counsel in a civil case, however,

21   unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept.*

22   *of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district

23   courts are granted discretion to appoint counsel for indigent persons. This discretion may be

24   exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th

25   Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the

26   'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se

27   in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and

28   both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*,

1  789 F.2d 1328, 1331 (9th Cir. 1986)).

2      Here, while the Court has found that Plaintiff's Complaint has survived the sua sponte

3  screening process such that it requires a response from Defendants, the record is not sufficiently

4  developed so that the Court can make a determination on the likelihood of success on the merits

5  at this stage of the proceedings.  In addition, at this stage, Plaintiff appears to be able to

6  articulate his claims as set forth above so that he is entitled to service by the U.S. Marshal of his

7  Complaint.  Accordingly, the Court denies Plaintiff's request without prejudice, as neither the

8  interests of justice nor exceptional circumstances warrant appointment of counsel at this time.

9  *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

10  **IV.   CONCLUSION AND ORDER**

11      Good cause appearing, **IT IS HEREBY ORDERED** that:

12      1.   Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is

13  **GRANTED**.

14      2.   The Secretary of California Department of Corrections and Rehabilitation, or his

15  designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

16  owed in this case by collecting monthly payments from the account in an amount equal to twenty

17  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

18  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

19  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

20  ASSIGNED TO THIS ACTION.

21      3.   The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

22  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

23  Sacramento, California 95814.

24      **IT IS FURTHER ORDERED** that:

25      4.   Defendants G.J. Giurbino, Unnamed Defendant 2, M. Ayala, B. Narvis, D. Foston

26  and Unnamed Defendant 1 are **DISMISSED** from this action.

27  / / /

28

5      Plaintiff's Motion for Appointment of Counsel [ECF No. 3] is **DENIED** without prejudice.

6.      The Clerk shall issue a summons as to Plaintiff's Complaint [ECF No. 1] upon the Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint and the summons for purposes of serving the Defendants.  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, and to return it to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.  Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

7.      Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendants, or counsel for Defendants, and the date of service.  Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED:  September 6, 2011

_____
Honorable Barry Ted Moskowitz
United States District Judge