# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL ANTHONY LOPEZ,
CDCR #H-30604,

                                    Plaintiff,

            vs.

DOMINO URIBE; N. GRANNIS;
M. HODGES; DENNIS BROWN;
ALICIA GARCIA; L. KASTNER,

                                    Defendants.

Case No.    11cv1079 BTM (PCL)

**ORDER GRANTING IN PART AND DENYING IN PART  DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

**[ECF No. 17]**

## I.      Procedural History

        On May 17, 2011, Michael Anthony Lopez ("Plaintiff"), a state inmate currently incarcerated at Centinela State Prison ("CEN") filed this action pursuant to 42 U.S.C. § 1983 along with another inmate.  The Court severed the two actions and permitted Plaintiff Lopez to proceed in this case.  While the initial Complaint remains the operating pleading, only Counts two and three remain in this action.  Count one pertains to the action filed by the other plaintiff and was dismissed without prejudice to proceed in the separate action.  Further, the claims against defendants Giurbino, Ayala, Narvis, and Foston were dismissed from this action because they were claims made by the other plaintiff.

1    On December 2, 2011, Defendants Garcia, Uribe, Kastner, Brown, Grannis and Hodges

2    filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) [ECF No. 17].

3    On January 9, 2012, Plaintiff filed his Opposition [ECF No. 19].

4    **II.    Plaintiff's Allegations**

5    Plaintiff alleges that his true name is "Michael Anthony Lopez" and claims that this is

6    supported by the abstract of judgment issued in Orange County Superior Court following his

7    criminal conviction.  (*See* Compl. at 10.)  On August 19, 2009, Plaintiff learned from an

8    Investigator from the Orange County Alternate Defenders Office that his legal mail was being

9    returned by "CEN Mailroom staff supervisor L. Kastner."  (*Id.*)  Specifically, Plaintiff was

10   informed his mail was being "tampered with" and several pieces of legal mail from July to

11   October 2009 had been returned to the Investigator.  (*Id.*)  Plaintiff alleges that the CEN

12   mailroom staff never informed him of the attempts to deliver his mail. (*Id.*)

13   On August 8, 2009, Plaintiff requested a copy of a "Special Purpose Letter" from the

14   CEN mailroom in order for him to be able to obtain a summary of his outgoing and incoming

15   legal mail.  (*Id.*)  On September 2, 2009, Defendant Alicia Garcia, Office Service Supervisor,

16   interviewed Plaintiff with regard to his mail.  (*Id.*)  Plaintiff was informed by Defendant Garcia

17   that any mail addressed to "Michael Lopez" was being returned because according to the

18   "Distributed Data Processing System" ("DDPS") Plaintiff is listed as "Frederick Lopez," not

19   Michael Lopez. (*Id.*)  Plaintiff had received other legal mail addressed to Michael Lopez. (*Id.*

20   at 10-11.)

21   Plaintiff alleges that the failure to receive all of his legal mail caused him to suffer an

22   injury in the California Court of Appeals  "concerning a new trial due to Plaintiff not having

23   preliminary transcripts attached to each writ." (*Id.* at 11.) Plaintiff alleges that Defendant Garcia

24   failed to notify him of the mail that was rejected and further she failed to "properly correct

25   known DDPS discrepancy."  (*Id.*)  Plaintiff claims Associate Warden Dennis Brown is also

26   liable because he failed to "properly supervise subordinates." (*Id.*) Plaintiff claims that Grannis

27   and Hodges should have rectified the problem of Plaintiff's correct name as they were aware of

28   the problem following Plaintiff's filing of administrative grievances.  (*Id.* at 12.)

**III.    Defendants' Motion to Dismiss**

    **A.    Defendants' Arguments**

Defendants seek dismissal pursuant to FED.R.CIV.P. 12(b)(6), claiming that: 1) Plaintiff has failed to allege facts sufficient to state a First Amendment claim; 2) Plaintiff has failed to allege facts sufficient to state a Fourteenth Amendment due process claim; and 3) Plaintiff has failed to allege personal involvement on the part of any Defendant.

    **B.    FED.R.CIV.P. 12(b)(6) Standard of Review**

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) .

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519-20 (1972). Because "*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings, [courts] continue to construe pro se filings liberally when evaluating them under *Iqbal*." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

/ / /

### C.      Application to Plaintiff's Complaint

#### 1.      Respondeat Superior

First, Defendants Kastner, Uribe, Brown and Garcia move to dismiss all the claims against them because they claim that Plaintiff's allegations are based upon a theory of supervisory liability.  Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Therefore, when a named defendant holds a supervisory position, a causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisor either: personally participated in the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

For the bulk of their argument that Plaintiff has failed to state a claim against them, Defendants cite to an Eastern District of California case, *Calihan v. Adams*, E.D. Cal. 1:09cv1373 MJS (PC).[1]  Specifically, Defendants cite solely to an Order issued on January 25, 2011. (*See* Defs.' Memo of Ps & As in Supp. of MTD at 5.)  This Court has reviewed the docket of the Eastern District case[2] and finds that the Order referenced, and upon which Defendants ask this Court to rely upon, is an order dismissing a complaint for failing to state a claim and providing the plaintiff in that case leave to amend.  The plaintiff in the Eastern District matter later filed an amended complaint which was ordered served on the defendants.  There is no

---

[1]  Defendants  later reference the case as "Cahill," several times,  however the Court presumes they are still citing to *Calihan* as there is no other case cited in the moving papers beginning with "Cahill."

[2]  A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)

precedential or persuasive value in citing to an order in an entirely different matter that is not a final order.

Defendants further claim that Plaintiff fails to allege that Defendants Kastner and Garcia "were involved" in the alleged violations of his constitutional rights and "simply alleges that they failed to 'properly supervise subordinates.'" (Defs.' Memo of Ps & As in Supp. of MTD at 5.) However, Plaintiff specifically alleges that he was told that his mail was rejected and returned to the Investigator by Defendant Kastner. (*See* Compl. at 10.) Thus, Plaintiff's allegations that he was denied his legal mail by Defendant Kastner are specific to the alleged actions of Defendant Kastner in handling his mail. Those allegations are not based on supervisory liability. In addition, Plaintiff alleges that he personally spoke to Defendant Garcia, informed her of the failure to receive his legal mail and she failed to correct the problem. None of the claims alleged against Defendants Kastner or Garcia are based solely on a supervisory liability theory. Thus, Defendant Kastner and Garcia's Motion to Dismiss Plaintiff's claims against them based on respondeat superior grounds is **DENIED**.

As for Defendant Uribe, Acting Warden, and Defendant Brown, Associate Warden, Plaintiff's allegations do attempt to hold these Defendants liable in their supervisory capacity. Plaintiff alleges these Defendants "failed to properly supervise subordinates." (Compl. at 12.) To hold a supervisor liable under § 1983, Plaintiff would have to allege facts to show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. Plaintiff fails to allege any such facts. Thus, Defendant Uribe and Brown's Motion to Dismiss Plaintiff's claims against them based on respondeat superior grounds is **GRANTED**.

### 2.    Fourteenth Amendment administrative grievances

While not entirely clear, it appears that Plaintiff seeks to hold Defendants Grannis and Hodge liable for their role in reviewing his administrative grievances. Defendants move to dismiss these claims. The Fourteenth Amendment provides that: "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests

encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).   State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  To state a procedural due process claim, Plaintiff must allege:  "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).  However, the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause.  *See Ramirez v. Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure.")).

In addition, Plaintiff has failed to plead facts sufficient to show that either Defendant Grannis or Hodge deprived him of a protected *liberty* interest by allegedly failing to respond to his grievance in a manner Plaintiff found satisfactory.  While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Grannis and Hodge:  (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*,  515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).  Plaintiff pleads nothing to suggest how review of his grievance resulted in any "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.

Thus, Defendant Hodge and Grannis' Motion to Dismiss Plaintiff's Fourteenth Amendment claims is **GRANTED** for failing to state a claim upon which relief may be granted.

### 3.    Access to Courts

Defendants Grannis and Hodge also move to dismiss Plaintiff's access to courts claim against them.  Prison officials who deliberately interfere with the transmission of a prisoner's legal papers, or deny him access to a legitimate means to petition for redress for the purpose of

thwarting his litigation may violate the prisoner's constitutionally protected right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996); *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994). However, in order to state a claim for denial of access to the courts, Plaintiff must allege a specific actual injury involving a nonfrivolous legal claim, *Lewis*, 518 U.S. at 351-55, and must allege facts showing that he "could not present a claim to the courts because of the [Defendants'] failure to fulfill [their] constitutional obligations." *Allen v. Sakai*, 48 F.3d 1082, 1091 (9th Cir. 1994). The right of access is only guaranteed for certain types of claims: direct and collateral attacks upon a conviction or sentence, and civil rights actions challenging the conditions of confinement. *Lewis*, 518 U.S. at 354.

Here, there are no facts from which the Court could find that Plaintiff has stated an "actual injury" arising from the actions of Grannis or Hodge. Plaintiff's alleged "injury" appears to have resulted prior to the attempts by Plaintiff to file administrative grievances. Accordingly, while the Court will **GRANT** Defendant Grannis and Hodge's Motion to Dismiss Plaintiff's access to courts claim, those claims remain pending as to Defendants Kastner and Garcia who did not move to dismiss these claims.

The Court will give Plaintiff the opportunity to move forward on the claims that have survived the Motion to Dismiss or he may choose to file an Amended Complaint in order to correct the deficiencies of pleading noted by the Court. If Plaintiff chooses the first option, the Court will issue an Order dismissing the above noted Defendants, as well as the deficient claims, and order Defendants Kastner and Garcia to file an Answer to Plaintiff's Complaint.

**IV.   Conclusion and Order**

Based on the foregoing, the Court hereby:

1)   DENIES Defendants Kastner and Garcia's Motion to Dismiss Plaintiff's Complaint on respondeat superior grounds;

2)   GRANTS Defendants Uribe and Brown's Motion to Dismiss Plaintiff's Complaint on respondeat superior grounds;

3)   GRANTS Defendant Grannis and Hodge's Motion to Dismiss Plaintiff's First and Fourteenth Amendment claims against them.

1    **IT IS FURTHER ORDERED that**:

2    Plaintiff has thirty (30) days from the entry of this Order to file a First Amended

3    Complaint. If Plaintiff chooses to file a First Amended Complaint it must be complete in itself

4    without reference to his previous Complaints. Defendants not named and all claims not re-

5    alleged in the Third Amended Complaint will be deemed to have been waived.

6    Plaintiff can also choose not to file a First Amended Complaint and instead this action

7    can go forward on the remaining claims. If Plaintiff chooses this option, he has thirty (30) days

8    to file a Statement indicating his desire to move forward with the remaining causes of action

9    found in his Complaint and the Court will issue the appropriate Order.

10   **IT IS SO ORDERED**.

11

12   DATED:  February 21, 2012

13

     _____
14   BARRY TED MOSKOWITZ, Chief Judge
     United States District Court

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11cv1079 BTM (PCL)