# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY LOPEZ, CDCR # H-30604<br><br>         Plaintiff,<br><br>vs.<br><br>G.J. GIURBINO; URIBE DOMINGO; N. GRANNIS; M. HODGES; DENNIS BROWN; ALICIA GARCIA; L. KASTNER; M. AYALA; B. NARVIS; D. FOSTON,<br><br>         Defendant. | Civil No.   11cv1079 BTM (PCL)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 21]** |

Plaintiff, a state inmate currently incarcerated at Centinela State Prison and proceeding pro se, has filed a Request for Appointment of Counsel [ECF No. 21]. In this Motion, Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be

1 | viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court **DENIES** Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

DATED: March 5, 2012

_____
**HON. BARRY TED MOSKOWITZ**, Chief Judge
United States District Court