# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY LOPEZ, CDCR #H-30604,<br><br>Plaintiff,<br><br>vs.<br><br>G.J. GIURBINO, et al.,<br><br>Defendants. | Case No.  11cv1079 BTM (PCL)<br><br>**ORDER PROVIDING NOTICE TO PRO SE PRISONER OF REQUIREMENTS FOR OPPOSING SUMMARY JUDGMENT PURSUANT TO *KLINGELE / RAND* AND SETTING BRIEFING SCHEDULE** |

**This notice is required to be given to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988):**[1]

Defendants Garcia and Kastner have filed a Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 (ECF Doc. No. 45), by which they seek to have your case dismissed. A Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a Motion for Summary Judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact– that is, if there is no real dispute about any fact that would affect the result of your case, and the

---

[1] *Klingele* and *Rand* together require the district court "as a bare minimum," to ensure that a pro se prisoner has "fair notice of the requirements of the summary judgment rule." *Klingele*, 849 F.2d at 411 (quotations omitted); *Rand*, 154 F.3d at 962.

party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided by Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**Conclusion and Order**

Accordingly, **IT IS ORDERED** that Defendants' Motion for Summary Judgment has been calendared for hearing on **Friday, May 17, 2013** in Courtroom 15B. Your Opposition (including any supporting documents) must be filed with the Court and served on all parties by **Friday, May 3, 2013**. If you do not wish to oppose Defendants' Motion, you should file and serve a "Notice of Non-Opposition" by that same date to let both the Court and Defendants know that the Motion is unopposed. If you do file and serve an Opposition, Defendants must file and serve their Reply to that Opposition by **Friday, May 10, 2013**.

At the time appointed for hearing, the Court will, in its discretion, consider Defendants' Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 as submitted on the papers, and will issue its written opinion soon thereafter. *See* S. D. CAL. CIVLR 7.1(d)(1). Thus, unless otherwise requested and ordered, no appearances are required on May 17, 2013, and no oral argument will be heard.

**IT IS SO ORDERED.**

DATED: March 20, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court