UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL ANTHONY LOPEZ,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**GJ GIURBINO et al.,**<br><br>　　　　　　　　　　Defendants. | CASE NO. 11-CV-1079-BTM-(PCL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 50]** |

　　Now before the Court is Plaintiff's Motion for Appointment of Counsel. [Doc. No. 50.] Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. Generally, a person has no right to counsel in civil actions. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). Agyeman v. Corrs. Corp. Of Am., 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom.* Gerber v. Agyeman, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity view together. Wilborn v. Escalderson, 789 F.2d

1328, 1331 (9th Cir. 1986). Neither of these factors are dispositive and both must be viewed together before reaching a decision." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).

In this case, Plaintiff states that he requires the assistance of counsel. [Doc. No. 50.] However, there is no evidence before this Court to suggest the presence of "exceptional circumstances" warranting appointment of counsel. Plaintiff has not provided any information to support a finding of a likelihood of success on the merits. Further, the Plaintiff demonstrates a sufficient understanding of the legal process to be an able litigant which is evidenced by his detailed Response to Defendant's Motion to Dismiss. [Doc. No. 51.]

Under these circumstances, the Court **DENIES** Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell, 935 F.2d at 1017.

Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED**.

DATE: May 20, 2013

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Barry Ted Moskowitz
    All Counsel of Record